UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-1889(DSD/FLN)

Johanna Beth McDonough,

Plaintiff,

v.                                                              **ORDER**

Al's Auto Sales, Inc.; Anoka
County; City of Apple Valley;
Benton County; City of Bloomington;
City of Brooklyn Center; City of
Brooklyn Park; City of Burnsville;
Carver County; City of Coon Rapids;
Dakota County Communications
Center; City of Eagan; City of Elk
River; City of Eveleth; City of
Fergus Falls; Goodhue County; City
of Hancock; Hennepin County; City
of Hopkins; City of Isanti; City
of Maple Grove; City of Minneapolis;
Minneapolis Park and Recreation
Board; City of Minnetonka; Morrison
County; City of Mound; City of
Mounds View; City of New Brighton;
City of New Hope; City of New Prague;
City of Northfield; City of Owatonna;
Ramsey County; City of Redwood Falls;
Renville County; Rice County; City
of Richfield; City of Rochester;
City of Roseville; Sherburne County;
South Lake Minnetonka Police
Department; City of South Saint Paul;
City of St. Anthony; City of St. Paul;
Stearns County; City of Wayzata;
Wright County; Michael Campion, acting
in his individual capacity as
Commissioner of Public Safety; Ramona
Dohman, acting in her individual
capacity as Commissioner of the
Minnesota Department of Public Safety;
John and Jane Does (1-500) acting
in their individual capacity as
supervisors, officers, deputies, staff,
investigators, employees or agents
of the other law-enforcement agencies
or Al's Auto Sales, Inc.; Department of
Public Safety Does (1-30) acting in

their individual capacity as officers,
supervisors, staff, employees,
independent contractors or agents of
the Minnesota Department of Public
Safety; and Entity Does (1-50)
including cities, counties, municipalities
and other entities sited in Minnesota
and federal departments and agencies,

        Defendants.

     Kenneth H. Fukuda, Esq., Lorenz F. Fett, Jr., Mark H.
Zitzewitz, Esq., Sonia L. Miller-VanOort, Esq., Jonathan
A. Strauss, Esq. and Sapientia Law Group PLLC, 12 South
Sixth Street, Suite 1242, Minneapolis, MN 55402, counsel
for plaintiff.

     Bryan D.  Frantz, Esq. and Anoka County Attorney's
Office, 2100 Third Avenue, Anoka, MN 55303; Jamie L.
Guderian, Esq., Joseph E. Flynn, Esq. and Jardine, Logan
& O'Brien PLLP, 8519 Eagle Point Boulevard, Suite 100,
Lake Elmo, MN 55042; Susan M. Tindal, Esq., Jon K.
Iverson, Esq., Stephanie A. Angolkar, Esq. and Iverson,
Reuvers, Condon, 9321 Ensign Avenue South, Bloomington,
MN 55438; Beth A. Stack, Esq., Toni A. Beitz, Esq.,
Daniel D. Kaczor, Esq. and Hennepin County Attorney's
Office, A2000, 300 South Sixth Street, Minneapolis, MN
55487; Ann E. Walther, Esq., Karin E. Peterson, Esq. and
Rice, Michels & Walther LLP, 10 Second Street N.E., Suite
206, Minneapolis, MN 55413; Kimberly R. Parker, Esq.,
Robert B. Roche, Esq. and Ramsey County Attorney's
Office, 121 Seventh Place East, Suite 4500, St. Paul, MN
55101; Judith A. Hanson, Esq., St. Paul City Attorney, 15
West Kellogg Boulevard, Suite 750, St. Paul, MN 55102;
Oliver J. Larson, Esq., Minnesota Attorney General's
Office, 445 Minnesota Street, Suite 1800, St. Paul, MN
55101, counsel for defendants.

    This matter is before the court upon the motions to dismiss by

defendants[1] and the motions to sever by Hennepin County and Ramsey

---

      [1] Defendants include Anoka County, Benton County, Carver
County, Goodhue County, Hennepin County; Morrison County, Ramsey
                       (continued...)

County.  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motions to dismiss and denies as moot the motions to sever.

## BACKGROUND

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Johanna Beth McDonough between 2006 and 2013.  Compl. ¶ 2.  McDonough asserts claims against numerous counties, cities and law enforcement entities, as well as against the current and former commissioners of the Minnesota Department of Safety (DPS).

DPS makes drivers' motor vehicle records available to law enforcement officers through a computerized Driver and Vehicle

---

[1](...continued)
County, Renville County, Rice County, Sherburne County, Stearns County, Wright County (collectively, County Defendants); City of Apple Valley, City of Bloomington, City of Brooklyn Center, City of Brooklyn Park, City of Burnsville, City of Coon Rapids, city of Eagan, City of Elk River, City of Eveleth, City of Fergus Falls, City of Hancock, City of Hopkins, City of Isanti, City of Maple Grove, City of Minneapolis, City of Minnetonka, City of Mound, City of Mounds View, City of New Brighton, City of New Hope, City of New Prague, City of Northfield, City of Owatonna, City of Redwood Falls, City of Richfield, City of Rochester, City of Roseville, City of South St. Paul, City of St. Anthony, City of St. Paul, City of Wayzata (collectively, City Defendants); Michael Campion, acting in his individual capacity as Commissioner of the Minnesota Department of Public Safety, Ramona Dohman, acting in her individual capacity as Commissioner of the Minnesota Department of Public Safety (collectively, Commissioner Defendants); Dakota County Communications Center (DCCC), South Lake Minnetonka Police Department (SLMPD), Minneapolis Park and Recreation Board (Park Board), Al's Auto Sales, Inc. (Al's Auto) and unknown persons and unknown entities (collectively, Unknown Defendants)

Services (DVS) database.  Id. ¶ 78.  In March 2013, McDonough requested an audit of her DVS motor vehicle record from DPS.  Id. ¶ 167; see id. Ex. A.  The audit showed that the record had been accessed hundreds of times from facilities maintained by defendant agencies, counties and cities.  See Compl. ¶ 168.  The record included her address, photograph, date of birth, weight, height, eye color and driver identification number.  Id. ¶ 130.  Each defendant accessed the record between one and 161 times.  See id. Ex. A.  McDonough alleges that there was no legitimate purpose for each access, and that the Commissioner Defendants "disclosed ... [her] [p]rivate [d]ata ... by devising and implementing ... the DVS database."  Compl. ¶¶ 142, 224-25.

On July 12, 2013, McDonough filed suit, alleging claims (1) under the Driver's Privacy Protection Act (DPPA), (2) under 42 U.S.C. § 1983 and (3) for invasion of privacy.  The County Defendants, City Defendants, Commissioner Defendants, DCCC and SLMPD move to dismiss.[2]  Hennepin County and Ramsey County also move to sever.

---

[2] All defendants except for the Park Board and Al's Auto have moved to dismiss.  The Park Board answered the complaint on August 5, 2013.  ECF No. 15.  Al's Auto has not answered.

**DISCUSSION**

## I.   Standard of Review

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

## II.  DPPA Claims

McDonough first asserts a claim against all defendants for violations of the DPPA.  The DPPA provides that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information,[3] from a motor vehicle record, for any use not

_____

[3] The DPPA defines "personal information" as including "an individual's photograph, social security number, driver

(continued...)

permitted under section 2721(b)[4] of this title."  18 U.S.C. § 2722. Under the DPPA, any "person[5] who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains."  Id. § 2724(a). McDonough alleges that all defendants either obtained or disclosed her information without a permitted purpose.

### A.  Statute of Limitations

Defendants first argue that some of the DPPA claims are time-barred.  Because the DPPA does not contain a statute of limitations, the general four-year federal statute of limitations applies.  See 28 U.S.C. § 1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress ... may not be commenced later than 4 years after the cause of action accrues."). The parties dispute, however, when a DPPA cause of action accrues.

---

(...continued)
identification number, name, address ..., telephone number, and medical or disability information."  18 U.S.C. § 2725(3).

[4] Section 2721(b) provides that permissible uses include, but are not limited to: court and law enforcement functions, motor vehicle or driver safety or monitoring, certain conduct of legitimate businesses, research activities, production of statistical reports, insurance-related purposes, private investigative agency or security service activities and bulk distribution of surveys and marketing materials.  18 U.S.C. § 2721(b).

[5] A "person" includes "an individual, organization or entity, but does not include a State or agency thereof."  18 U.S.C. § 2725(2).

6

Defendants argue that the court should adopt "[t]he general rule concerning statutes of limitation[, which] is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1065 (8th Cir. 2012) (first alteration in original) (citations and internal quotation marks omitted). McDonough responds that the "discovery rule" applies, and that "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." Id. (citations omitted).

Although the Eighth Circuit is silent on when a DPPA cause of action accrues, courts in this district hold that the general accrual rule applies to the DPPA. See, e.g., Rasmusson v. Chisago Cnty., No. 12-632, 2014 WL 107067, at *12 (D. Minn. Jan. 10, 2014); Kost v. Hunt, No. 13-583, 2013 WL 6048921, at *8 (D. Minn. Nov. 15, 2013). In Kost, Judge Ericksen considered relevant precedent as well as textual, historical and equitable arguments before applying the general accrual rule to DPPA claims. 2013 WL 6048921, at *5-8. The court finds Kost persuasive and adopts its reasoning in applying the general accrual rule.[6] As a result, all claims

---

[6] McDonough also argues that, even if the general accrual rule otherwise applies, the court should apply the discovery rule because defendants fraudulently concealed their activities. In some situations, "fraudulent concealment of information material to a non-fraud claim will toll a limitations period." Abbotts v. Campbell, 551 F.3d 802, 805-06 (8th Cir. 2008) (citation omitted).
(continued...)

7

relating to conduct before July 12, 2009 — four years before the present action was commenced — are time-barred, and dismissal of those claims is warranted.

### B.   Claims Against Commissioners

As to the timely claims, McDonough first alleges DPPA claims against the Commissioner Defendants.  McDonough does not allege, however, that the Commissioner Defendants personally obtained the record or personally communicated such information to others. Rather, McDonough alleges that the Commissioner Defendants created, maintained and inadequately monitored the DVS database, thereby facilitating others' improper access to the record.

To be liable under the DPPA, however, "the Commissioners *themselves* must have acted with ... a[n impermissible] purpose." Nelson v. Jesson, No. 13-340, 2013 WL 5888235, at *3 (D. Minn. Nov. 1, 2013) (emphasis in original).  In other words, the DPPA does not impose liability on one who indirectly facilitates *another's* access of a motor vehicle record by maintaining an electronic database. See id.; see also Kiminski v. Hunt, Nos. 13-185, 13-208, 13-286,

---

(...continued)
However, "[u]nder Rule 9(b)'s heightened pleading standard, allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity."  Summerhill v. Terminix, Inc., 637 F.3d 877, 880 (8th Cir. 2011) (second alteration in original) (citation and internal quotation marks omitted).  Here, McDonough has not pleaded fraudulent concealment, let alone pleaded it with the requisite particularity.  As a result, the allegations of fraudulent concealment are not properly before the court, and this argument is unavailing.

13-358, 13-389, 2013 WL 6872425, at *9 (D. Minn. Sept. 20, 2013)
("But the provision[s of the DPPA] may not be stretched to the
point of rewriting .... so [that the statute] reaches others at a
state agency who gave the officer database access for a legitimate
purpose, merely because they did so in a negligent manner."). 
Here, McDonough has not pleaded that the Commissioner Defendants
acted with an impermissible purpose.   Moreover, unlike other
statutes, the DPPA does not expressly create a private right of
action for mismanagement of records, and the court declines to
recognize one here.   See Kiminski, 2013 WL 6872425, at *9
(observing that, unlike the DPPA, the Internal Revenue Code
explicitly allows private damages claims for negligent disclosures
of confidential information).   As a result, dismissal as to the
timely DPPA claims against the Commissioner Defendants is
warranted.

### C.  Claims Against Cities, Counties, DCCC and SLMPD

As to the remaining claims, McDonough alleges that the City
Defendants, County Defendants, DCCC and SLMPD accessed her motor
vehicle record "for a purpose not permitted under the DPPA."
Compl. ¶ 224.   Defendants respond that such allegations are
insufficient to state a claim under Iqbal and Twombly.   The court
agrees.

Under the DPPA, the plaintiff has the burden of pleading that
a defendant accessed a motor vehicle record with an impermissible

purpose. <u>See</u> <u>Maracich v. Spears</u>, 675 F.3d 281, 299-300 (4th Cir. 2012), <u>vacated on other grounds</u>, 133 S. Ct. 2191 (2013); <u>Howard v. Criminal Info. Servs., Inc.</u>, 654 F.3d 887, 890-91 (9th Cir. 2011); <u>Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.</u>, 525 F.3d 1107, 1113-14 (11th Cir. 2008). Here, McDonough baldly states that "[n]one of the [i]ndividual [d]efendants' activities fell within the DPPA's permitted exceptions for procurement of McDonough's information." Compl. ¶ 225. McDonough thus asks the court to speculate and conclude — solely from the number of times defendants allegedly accessed the record — that the purposes of law enforcement personnel were impermissible. As already explained, however, "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. <u>Iqbal</u>, 129 S. Ct. at 1949 (citation and internal quotation marks omitted). Although at this stage in the proceedings, McDonough is entitled to the benefit of all reasonable inferences, "a reasonable inference is one which may be drawn from the evidence *without resort to speculation*." <u>Kinserlow v. CMI Corp.</u>, 217 F.3d 1021, 1026 (8th Cir. 2000) (emphasis added) (citation and internal quotation marks omitted).

Moreover, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." <u>United States v. Chem. Found., Inc.</u>, 272 U.S. 1, 14-15 (1926) (citations omitted), <u>cited with approval in</u>

Wilburn v. Astrue, 626 F.3d 999, 1003-04 (8th Cir. 2010); cf. United States v. Eklund, 733 F.2d 1287, 1294 (8th Cir. 1984) (noting that the court was "unwilling to infer improper motivation" of government officials given the presumption of regularity). Further, the legislative history of the DPPA indicates that Congress intended to preserve broad discretion for government entities and agents in accessing motor vehicle records. See Kost, 2013 WL 6048921, at *11-12. As a result, the court will not infer from bare, conclusory allegations that defendants' purposes were improper. See Lancaster v. City of Pleasanton, No. C-12-05267, 2013 WL 5182949, at *3-4 (N.D. Cal. Sept. 13, 2013) (dismissing DPPA claim as insufficiently detailed to satisfy Rule 8(a) pleading requirements). Therefore, McDonough has not adequately pleaded the DPPA claims under Twombly and Iqbal, and dismissal of the remaining timely DPPA claims is warranted.

## III.  Section 1983 Claims

McDonough next alleges § 1983 claims, arguing that defendants violated her Fourth and Fourteenth Amendment rights by accessing her information or allowing others to do so.  Claims under § 1983 require that defendants acted under color of state law and that their conduct resulted in a denial of rights secured by the United States Constitution or by federal law.  Scheeler v. City of St. Cloud, Minn., 402 F.3d 826, 830 (8th Cir. 2005).  Section 1983 is not an independent source of rights, and a complaint must allege a

deprivation of a specific right, privilege or immunity.  <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986).  Defendants argue that they did not violate any constitutional or statutory right.

### A.   Constitutional Claims

McDonough alleges that defendants violated her constitutional right to privacy and her constitutional right to be free from unreasonable search, and that the City Defendants are vicariously liable for the unconstitutional acts of their employees.

### 1.   Right to Privacy

McDonough alleges that defendants violated her Fourth Amendment right to privacy.[7]  "[T]o violate the constitutional right of privacy the information disclosed must be either a shocking degradation or an egregious humiliation ..., or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information."  <u>Van Zee v. Hanson</u>, 630 F.3d 1126, 1128 (8th Cir. 2011) (alterations in original) (citation and internal quotation marks omitted).  A constitutional privacy claim "depends upon whether the plaintiff had a reasonable expectation of privacy in the information."  <u>Id.</u> at 1129 (citation and internal quotation marks omitted).  This standard is "a high bar ... [such]

---

[7]  "The Fourth Amendment applies to the states through the Fourteenth Amendment."  <u>Barrett v. Claycomb</u>, 705 F.3d 315, 321 n.3 (8th Cir. 2013) (citation omitted).

that many disclosures, regardless of their nature, will not reach the level of a constitutional violation." Cooksey v. Boyer, 289 F.3d 513, 516 (8th Cir. 2002).

Here, the mere fact that the data about McDonough allegedly accessed by defendants was personal information does not render it private information subject to constitutional protection. An expectation of privacy is reasonable where there is "both an actual subjective expectation and, even more importantly ... that expectation must be one which society will accept as reasonable." McDonell v. Hunter, 809 F.2d 1302, 1306 (8th Cir. 1987) (citations omitted).

McDonough alleges that defendants accessed data including her address, photograph, date of birth, weight, height, eye color and driver identification number. Even if McDonough had a subjective expectation of privacy in this information, such an expectation is not one that is objectively reasonable. Indeed, such information is not uniquely available from the DVS database. See Condon v. Reno, 155 F.3d 453, 465 (4th Cir. 1998) ("[T]he identical information can be obtained from public property tax records ... [and] there is a long history in the United States of treating motor vehicle records as public records." (citations omitted)), rev'd on other grounds sub nom. Reno v. Condon, 120 S. Ct. 666 (2000). A driver's license contains such information precisely

13

for, among other purposes, identifying oneself to others, cashing checks, using credit cards, boarding airplanes or purchasing age-restricted products. See Nelson, 2013 WL 5888235, at *5.

Moreover, contexts involving public regulation necessarily require reduced expectations of privacy. See id. ("[P]ervasive schemes of regulation, like vehicle licensing, must necessarily lead to reduced expectations of privacy." (citation and internal quotation marks omitted)). Further, drivers routinely share such information with government actors for purposes of vehicle licensing and registration, and "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." Smith v. Maryland, 442 U.S. 735, 743-44 (1979) (citations omitted). Where, as here, an individual voluntarily discloses information for limited purposes, such information is not subject to Fourth Amendment protection. Cf. United States v. Miller, 425 U.S. 435, 443 (1976) ("[T]he Fourth Amendment does not prohibit the obtaining of information ... conveyed ... to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose ....").

Finally, Congress expressly recognized numerous situations in which the information contained in motor vehicle records may be lawfully accessed. See 18 U.S.C. § 2721(b). Given these exceptions, the information in the DVS database is not subject to a reasonable expectation of privacy once communicated to DPS. In

14

sum, any expectation of privacy McDonough had in the information defendants allegedly accessed is not one society recognizes as reasonable.  As a result, there is no constitutional right to privacy in the information allegedly accessed, and dismissal is warranted.

## 2.    Right to Freedom from Unreasonable Search

McDonough next alleges that, by accessing the record, defendants violated her Fourth Amendment right to be free from unreasonable search.  McDonough, however, lacks standing to argue that the alleged access of the record violated her Fourth Amendment rights.  "Fourth Amendment rights are personal and may not be asserted vicariously." United States v. Green, 275 F.3d 694, 698 (8th Cir. 2001) (citation omitted).  That is, an individual must have a sufficient personal interest in the object of a search or seizure in order to trigger Fourth Amendment rights.  See United States v. Kelly, 529 F.2d 1365, 1369 (8th Cir. 1976).  Here, the record containing information about McDonough belongs not to her, but to DPS.  Cf. United States v. Wilson, 806 F.2d 171 (8th Cir. 1986) (finding no standing to challenge admission of bank records because "materials were bank records rather than defendant's private papers" (citation omitted)).  As a result, McDonough does not have standing to assert a Fourth Amendment claim based on access of the DVS database.  For this reason alone, dismissal is warranted.

Even if McDonough had standing, however, defendants argue that accessing a motor vehicle record is not a search under the Fourth Amendment.  The court agrees.  An intrusion is a search for Fourth Amendment purposes only "if it violates a person's reasonable expectation of privacy," Nelson v. Jesson, No. 13-340, 2013 WL 5888235, at *5 (D. Minn. Nov. 1, 2013) (citation and internal quotation marks omitted).  As already explained, McDonough did not have a reasonable expectation of privacy in the information contained in the motor vehicle record.  See Rasmusson v. Chisago Cnty., No. 12-632, 2014 WL 107067, at *7-8 (D. Minn. Jan. 10, 2014).  Thus, any access of McDonough's record was not a search under the Fourth Amendment.  For this additional reason, dismissal is warranted.

### 3.   Municipal Liability

McDonough next argues that the City Defendants are liable for the acts of unknown defendants who accessed her information.  "[A] municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom."  Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).  A municipality, however, may not be held liable for its officers' actions unless the officers are "found liable on the underlying substantive claim."  Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir.

1994) (citations omitted), abrogated on other grounds by Engleman v. Deputy Murray, 546 F.3d 944 (8th Cir. 2008).  As already explained, all constitutional claims against the individual defendants fail.  As a result, dismissal of the municipal liability claims against the City Defendants is warranted.

**B.   Statutory Claims**

McDonough next argues that defendants' alleged violations of the DPPA are enforceable through 42 U.S.C. § 1983.[8]  "Standing alone, [§] 1983 does not establish any substantive rights .... [A]n underlying constitutional or statutory violation is a predicate to liability under [§] 1983."  Henley v. Brown, 686 F.3d 634, 640 (8th Cir. 2012) (citation omitted).  As already explained, McDonough has failed to state a claim that defendants violated the DPPA, and dismissal is warranted for this reason alone.

Defendants argue that, even if McDonough could state a claim for violations of the DPPA, her § 1983 claims for statutory violations should be dismissed because the DPPA is not enforceable through § 1983.  Several courts in this district have agreed with such a position, finding that the DPPA precludes enforcement through § 1983.  See, e.g., Rasmusson, 2014 WL 107067, at *5;

---

[8] Courts have broadly construed § 1983 as providing a remedy for official violations of many federally-protected rights.  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 934 (1982).  As a result, § 1983 may provide a cause of action for statutory, as well as constitutional rights violations.  Grey v. Wilburn, 270 F.3d 607, 611 (8th Cir. 2001).

Nelson, 2013 WL 5888235, at *7; Kiminski, 2013 WL 6872425, at *14. In Kiminski, for example, Judge Ericksen analyzed the text of the DPPA and its similarity to other statutes that preclude enforcement through § 1983 and held that "consideration of the DPPA's explicit private remedy under 18 U.S.C. § 2724 confirms that enforcement under § 1983 would be inconsistent with it."  2013 WL 6872425, at *13.  The court finds the analysis in Kiminski persuasive and adopts it in concluding that Congress foreclosed the enforcement of the DPPA through § 1983.  As a result, McDonough may not expand the spectrum of remedies available under the DPPA by enforcement through § 1983, and dismissal is warranted.

**IV.  Invasion of Privacy Claim**

McDonough next alleges claims for invasion of privacy. Specifically, McDonough argues that defendants intruded upon her seclusion.  Under Minnesota law,[9] intrusion upon seclusion occurs when one "intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns ... if the intrusion would be highly offensive to a reasonable person."  Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998) (alteration in original) (citation and internal quotation

---

[9] Intrusion upon seclusion is subject to the two-year statute of limitations for torts resulting in personal injury.  Hough v. Shakopee Pub. Schs., 608 F. Supp. 2d 1087, 1118 (D. Minn. 2009). Most of the alleged access occurred well before July 12, 2011 — the date two years prior to the filing of this suit.  As a result, dismissal of claims pertaining to access occurring before July 12, 2011, is warranted.

marks omitted).  Invasion of privacy claims involve "a preliminary determination of offensiveness which must be made by the court in discerning the existence of a cause of action." <u>Bauer v. Ford Motor Credit Co.</u>, 149 F. Supp. 2d 1106, 1109 (D. Minn. 2001) (citation and internal quotation marks omitted).  "[T]he question of what kinds of conduct will be regarded as a highly offensive intrusion is largely a matter of social conventions and expectations." <u>Id.</u> at 1110 (citations and internal quotation marks omitted).

Here, the information allegedly accessed included McDonough's address, photograph, date of birth, weight, height, eye color and driver identification number.  No reasonable person could find that the alleged access of such information meets the "highly offensive" threshold.  The information, though personal, is not particularly sensitive or intimate in nature.  Further, as already explained, individuals routinely turn over such information.  Moreover, the few cases that have found actionable invasions of privacy are based on much more egregious facts than those present here.  <u>See, e.g.,</u> <u>Swarthout v. Mut. Serv. Life Ins. Co.</u>, 632 N.W.2d 741, 745 (Minn. Ct. App. 2001) (finding invasion of privacy where defendant altered medical release form to obtain plaintiff's medical information). As a result, the claim for intrusion upon seclusion fails, and dismissal is warranted.

## V.    Severance

Finally, Hennepin County and Ramsey County move for severance pursuant to Rule 20.  Rule 20 permits persons or entities to be joined as defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Rule 20 permits all "reasonably related" claims against different parties "to be tried in a single proceeding." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). A court assesses whether claims are reasonably related on a case-by-case basis.  Id.

McDonough fails to satisfy the first prong of the test announced in Rule 20.  A plaintiff may not join defendants on the mere basis of *similar* transactions — "the rule permitting joinder requires that [a right to relief] arise from the *same* transactions." Movie Sys., Inc. v. Abel, 99 F.R.D. 129, 130 (D. Minn. 1983) (emphasis in original).  Here, the record was accessed between 2006 and 2013 from different locations spanning the state of Minnesota.  McDonough has not pleaded any facts suggesting that the individual cities, counties, DCCC and SLMPD acted jointly to access the record or in any way cooperated in doing so.  That is, "[n]o concert of action is alleged, nor could it be because the

20

operative facts of each transaction are distinct and unrelated to any other." Id.  As a result, the claims asserted by McDonough are not "reasonably related."

In essence, McDonough suggests that "because [she] was wronged in the same way by several different individuals, the transactional requirement of Rule 20 is met.  Such a reading of Rule 20 would improperly expand the Rule." DIRECTV v. Loussaert, 218 F.R.D. 639, 643 (S.D. Iowa 2003); see also Movie Sys., Inc., 99 F.R.D. at 130 (characterizing improperly joined claims as "inappropriate wholesale litigation").  Although McDonough wishes to aggregate her claims against a large number of defendants, joinder is wholly inappropriate here.  Nevertheless, as already explained, the court has determined that McDonough fails to state a claim against Hennepin County and Ramsey County.  As a result, the motion to sever is denied as moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   The motions to dismiss [ECF Nos. 22, 25, 27, 38, 45, 51, 59, 65] are granted;

2.    The motions to sever [ECF Nos. 22, 65] are denied as moot.

Dated:  February 21, 2014

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court