UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-1889 (DSD/FLN)

Johanna Beth McDonough,

    Plaintiff,

v.                                                **ORDER**

Al's Auto Sales, et al.,

    Defendants.

This matter is before the court upon the appeal by plaintiff Johanna Beth McDonough of Magistrate Judge Franklin L. Noel's January 27, 2017, order granting in part and denying in part the motion for leave to amend the complaint (Order).[1]  After a thorough review of the Order, and based on the file, record, and proceedings herein, the court denies the appeal.

**BACKGROUND**

This privacy dispute arises out of defendants' access of the motor vehicle record of plaintiff Johanna Beth McDonough.  Neither party objects to the magistrate judge's recitation of the facts or procedural posture of the case.  The court will therefore proceed directly to the issues presented.

The Order denied as futile McDonough's motion to amend the complaint to name individual defendants previously referred to as

---

[1] Magistrate Judge Noel granted the motion insofar as McDonough requested permission to narrow her claims.  That determination is not at issue and will not be addressed.

John or Jane Does, concluding that (1) any claims against such individuals are time-barred, (2) the proposed amended complaint does not relate back to the original complaint, (3) equitable tolling does not apply, and (4) the appeal in this matter did not toll the limitations period. McDonough objects only to the Order's determinations regarding the doctrines of relation back and equitable tolling.

## DISCUSSION

**I. Standard of Review**

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive matters is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3).

**II. Motion to Amend**

The "court should freely give leave to a party to amend its pleadings when justice so requires; however, it may properly deny a party's motion to amend its complaint when such amendment ... would be futile." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (internal citation omitted). An amendment is futile when it would not survive a motion to dismiss. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

McDonough acknowledges that the proposed amendments to the complaint relate to conduct that occurred more than four years before the date of the proposed amended complaint. In other words, absent application of the doctrines of relation back or equitable tolling, the claims are untimely and amendment would be futile.

**A.   Relation Back**

Relevant here, an amended pleading will relate back to the date of an original pleading when:

> [T]he amendment changes the party or the naming of the party against whom a claim is asserted ... if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). McDonough argues that she has met the above criteria because inadequate knowledge of a party's identity - as was the case here - constitutes a "mistake" within the meaning of the rule. That argument has been rejected by several other judges in this district in nearly identical cases. See, e.g., Bass v. Anoka Cty., No. 13-860, 2016 WL 7422639, at *1-2 (D. Minn. Dec. 22, 2016); Taylor v. City of Amboy, No. 14-0722, 2016 WL 5417190, at *2 (D. Minn. Sept. 27, 2016); Engebretson v. Aitkin Cty., No. 14-1435, 2016 WL 5400363, at *6 (D. Minn. Sept. 26, 2016); Krekelberg v. Anoka Cty., No. 13–3562, 2016 WL 4443156, at *5 (D. Minn. Aug. 19, 2016); Potocnik v. Carlson, No. 13-2093, 2016 WL

3919950, at *3-5 (D. Minn. July 15, 2016); Heglund v. Aitkin Cty., No. 14-296, 2016 WL 3093381, at *5-6 (D. Minn. June 1, 2016).  For the reasons stated in those cases and in the Order, the court follows suit and denies the appeal on this basis.

    **B.**    **Equitable Tolling**

McDonough also argues that the magistrate judge erred in concluding that the doctrine of equitable tolling does not apply in these circumstances.  Her argument has been uniformly rejected under materially identical facts.  See Engebretson, 2016 WL 5400363, at *6; Krekelberg, 2016 WL 4443156, at *6; Potocnik, 2016 WL 3919950, at *5.  There is nothing unique in this case that would warrant a different result.  Therefore, for the reasons stated in the above cases and the magistrate judge's well-reasoned Order, the court denies McDonough's appeal on this basis as well.

#### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiff's appeal [ECF No. 185] is denied.

Dated: February 27, 2017

                                                s/David S. Doty
                                                David S. Doty, Judge
                                                United States District Court